| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE A. MACDONALD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, et al., <br><br> Defendants. | Case No.: 18cv2555-LAB (MSB) <br><br> **ORDER GRANTING JOINT MOTION TO EXTEND TIME TO ANSWER; AND** <br><br> **ORDER TO SHOW CAUSE RE: JURISDICTION** |

Defendants U.S. Bank National Association and Nationstar Mortgage, LLC removed this action from state court, citing diversity jurisdiction, and the parties jointly moved to extend the time for them to answer. These two Defendants then filed their answer. The joint motion (Docket no. 4) is **GRANTED** and the answer is accepted as filed. The claims concern an allegedly unlawful and fraudulent foreclosure.

The notice of removal identified Plaintiffs Lawrence and Meredith MacDonald as California citizens. There are three named Defendants: U.S. Bank, Nationstar Mortgage, LLC, and Affinia Default Services, LLC.

The notice of removal identified U.S. Bank as a citizen of Ohio. It did not identify the citizenship of Affinia Default Services, LLC, arguing instead that Affinia

is a nominal Defendant only. It also attempted to identify the citizenship of Nationstar Mortgage, LLC (Notice of Removal, ¶ 10), but was ineffective in doing so.

The complaint alleges Affinia is a loan servicing institution, and makes substantive allegations against it. For example, it alleges that Affinia and the other two Defendants misled the MacDonalds in 2004 during the lending process. (Compl., ¶¶ 7–8, 15.) It alleges that although the MacDonalds sent each of the three Defendants a notice of dispute and request for accounting, none of them responded. (*Id.*, ¶ 13.) It alleges that each of the three Defendants made various fraudulent representations to the MacDonalds. Among other things, it alleges that each of the three Defendants made representations to the MacDonalds to the effect that they were acting as the MacDonalds' agents and would help them find the most suitable loans for them. (*Id.*, ¶¶ 25–28, 32.) The complaint also alleges that all three Defendants were engaged in a conspiracy to defraud the MacDonalds, by arranging for an inflated appraisal and making loans to the MacDonalds based on it that they knew the MacDonalds could not afford to pay off. (Compl., ¶¶ 43–47.)

When a defendant has filed an unopposed declaration of non-monetary status in state court, district courts generally treat the trustee as a nominal party. *See Couture v. Wells Fargo Bank, N.A.*, 2011 WL 3489955, at *3 (S.D. Cal., Aug. 9, 2011). Although the notice of removal alleges that Affinia filed such a notice and says the notice is attached as "Exhibit 2," the notice does not appear to be among the attachments.[1] A printout of the state court docket (Docket no 1-4 at 2) shows Affinia filed some kind of declaration on October 2, 2018, but does not say what kind.

---

[1] The notice of removal attaches a copy of the state court complaint, summons, and docket printout.

Accepting the allegations as true, Affinia was more than a trustee, and the complaint is bringing substantial claims against it for misrepresenting itself as a fiduciary for the MacDonalds, and conspiring to defraud them. If Affinia is more than a nominal Defendant, its citizenship must be considered when determining whether the parties are completely diverse. *See Prasad v. Wells Fargo Bank, N.A.*, 2011 WL 4074300, at *3 (W.D. Wash., Sept. 13, 2011); *Couture*, 2011 WL 3489955, at *3.

The citizenship of Nationstar Mortgage, LLC is also inadequately identified. The notice of removal correctly recognizes that a limited liability company is a citizen of every state of which its owners/members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). It then concludes that Nationstar Mortgage, LLC is a "wholly-owned subsidiary" of a Delaware corporation, Mr. Cooper Group, Inc. (Compl., ¶ 10.) Mr. Cooper Group, Inc.'s principal place of business is not identified, but that defect appears not to matter. Nationstar Mortgage, LLC is actually owned by two other LLCs: Nationstar Sub1 LLC and Nationstar Sub2 LLC. (*Id.*) They are both wholly owned by Nationstar Mortgage Holdings, Inc., whose citizenship is not identified at all. As a corporation, Nationstar Holdings, Inc. is a citizen of the state where it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. §§ 1332(c)(1). Neither of these is identified. Instead, the Complaint incorrectly treats Nationstar Holdings, Inc. as taking on the citizenship of its owner, Mr. Cooper Group, Inc. Accepting as true the notice of removal's representations, Nationstar Mortgage, LLC is a citizen of the states where Nationstar Holdings, Inc. is incorporated and has its principal place of business; the citizenship of Mr. Cooper Group, Inc. is irrelevant.

Defendants are **ORDERED TO SHOW CAUSE** why this action should not be remanded. They may do so by filing a memorandum of points and authorities, not longer than seven pages, showing that the Court can exercise diversity

jurisdiction. They must do this within **18 calendar days of the date this order is issued**. If they agree diversity is lacking, they should file a notice so stating. If they fail to show cause, this action will be remanded. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**IT IS SO ORDERED**.

Dated: March 22, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge